I wish to add a few words in confirmation of the construction which Judge COMSTOCK has given to the clause limiting the estate to the testator's other daughters, in case his daughter Margaret should die "unmarried and without leaving a child, her surviving." According to the argument of the plaintiffs' counsel both circumstances were essential to enable the executory limitation in favor of the other daughters to take effect, namely, that Margaret should die either without ever having been married, or without leaving a husband, as well as without leaving a child surviving her; so that if she were married, though she died childless, her sisters, or their issue, would not take as devisees, but the estate would descend, if *Page 368 
she died without a will, as in the case of the intestacy of a person seised in fee simple. If this is the true construction of the clause, it may well be that the sentence immediately succeeding the one mentioned, in which her children are referred to, should be construed as an alternate executory limitation in their favor. By the will, as thus interpreted, the fee simple, carefully limited to Margaret in the first instance, was certainly to be defeated by force of the subsequent limitations, if she left children, and was also to be defeated in favor of her sisters, if she did not leave children, except in the event of a marriage which had not been followed by issue which survived her; so that the only contingency which would preserve the inheritable estate would be an unfruitful marriage. In every other event it was to be defeated. I do not wish to add any thing to show the improbability of such an intention, or its incongruity with other independent provisions of the will; but I think a critical examination of the fourth article alone will show that the death of Margaret without surviving issue, simply, and without any other circumstance was the event which was to enable the other daughters of the testator to take. The intention of the testator was, that the issue of the other daughters should stand in the place of their mothers in case the latter should die leaving issue, before the limitation should take effect by the death of Margaret. It was plainly the intention that the issue of the other daughters should take upon the same precise event upon which their mothers would have taken if they had been living, and upon no other contingency. The single object of the clause upon that subject was, to enable the issue to represent their mothers. But, in making the provision, it became necessary again to define the event upon which the fee simple given to Margaret was to be superseded by this executory limitation, and it was stated to be "in case my said daughter Margaret shall die without lawfulissue;" and if, at her death, the other daughters should then be dead, c. In order to hold that any other circumstance than simply the death of Margaret without issue was necessary to give the estate to the other daughters, we must impute to *Page 369 
the testator an intention to give it to the issue of these daughters in an event in which he would have withheld it from their mothers. This would be hostile to the language as well as to the apparent scope of the provision substituting the daughters for their mothers, for it is the parts and shares bequeathed to their respective mothers which the issue are to have, if they happen to be the parties representing these branches of the family at the death of Margaret.
If the question were to be determined upon the primary language alone, I should, I think, concur in the conclusion arrived at by Judge COMSTOCK. The sentence seems to me to be elliptical. What the writer meant to say, I presume, was: "If my said daughter Margaret shall die unmarried and" also if she shall die "without leaving a child her surviving, then," c. But however this may be, and admitting that the language here is equivocal, yet, when the testator came again to speak of the contingency upon which the property was to go to the other branches of his family, he leaves no doubt but that the event was the death of his daughter Margaret without issue surviving her, without any reference to the question whether she had ever been married. I am in favor of affirmance.
Judgment reversed.